UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

UNITED STATES OF AMERICA

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: April 16, 2021

               v.

19-CR-484 (KMW)

**<u>OPINION & ORDER</u>**

ORIS SANCHEZ-OLIVO

                 Defendant.
--------------------------------------------------------X

KIMBA M. WOOD, District Judge:

      Defendant Oris Sanchez-Olivo has moved to reduce her sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19. (ECF No. 76.) The Government opposes the motion. (ECF No. 78.) For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

      Defendant was arrested on May 1, 2019 for participating in a bank fraud conspiracy that obtained stolen United States Treasury checks, opened bank accounts using counterfeit drivers' licenses in the names of the intended check recipients, deposited the checks in numerous victim banks, and then withdrew the funds—all without the knowledge or authorization of the intended check recipients. (Gov't Opp'n at 1; PSR ¶¶ 11-24.) On August 16, 2019, Defendant pleaded guilty to bank fraud, in violation of 18 U.S.C. Section 1344. (Gov't Opp'n at 1.)

      On February 26, 2020, the Court sentenced Defendant to three months' imprisonment, to be followed by three months of home confinement and three years of supervised release.[1] (*Id.*) The Court took into consideration the fact that, as a result of the conspiracy, tax refunds went to

---

[1] Due to the COVID-19 pandemic, the Court adjourned Defendant's surrender date until March 3, 2021.

people who did not deserve them, disrupting the lives of individuals who genuinely depended on the refunds. (Sent. Tr. at 10, ECF No. 50.) In mitigation, the Court recognized Defendant's excellent character apart from the crime at hand: Defendant studied hard, obtained degrees, secured well-paying jobs to provide for her family, and is a devoted mother. (*Id.*)

Defendant is currently serving her sentence at FCI Danbury. (Gov't Opp'n at 2.) Her projected release date is on or about June 1, 2021. (*Id.*)

On March 9, 2021 Defendant submitted an application for compassionate release to the Warden of FCI Danbury. (*Id.* at 2; *see* Mot. at 1.) The Warden denied Defendant's request on March 12, 2021. (Gov't Opp'n at 2, Ex. B; Mot. at 1.)

On March 30, 2021, Defendant filed the present motion. The Government filed its opposition on April 9.

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[2] *Id.*

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy

---

[2] Defendant's motion is properly before the Court because, as the Government concedes, the BOP denied Defendant's March 9 request for compassionate release, and Defendant has thus exhausted her administrative remedies. (*See* Gov't Opp'n at 2, Ex. B; Mot. at 1.)

statements issued by the Sentencing Commission."  *Id.* § 3582(c)(1)(A)(i).  The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).  In light of the COVID-19 pandemic, these reasons may include whether a defendant is at increased risk of suffering serious illness from the virus.  *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct. 19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) (the "sentencing factors").  18 U.S.C. § 3582(c)(1)(A).  Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the Section 3553(a) sentencing considerations outweigh those compelling reasons.  *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

## DISCUSSION

Defendant seeks compassionate release on the ground that she faces a heightened risk of serious illness or death from infection with COVID-19 because she suffers from asthma and acute gastritis.  (Mot. at 1-2.)  While the Centers for Disease Control and Prevention ("CDC") does not identify acute gastritis as a risk factor for severe illness from COVID-19, the CDC does identify moderate-to-severe asthma as a risk factor.  *See* People with Certain Medical Conditions, CDC (updated Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  According to the BOP, however, Defendant is 30 years old, and her asthma is well-controlled with self-carry medication that she can use as needed.  (*See* Gov't Opp'n at 3-4.)  Moreover, the record does not establish that Defendant's asthma is moderate-to-severe.  Thus, Defendant has not demonstrated the existence

of extraordinary and compelling reasons warranting release.

The Court also finds that Defendant's actual risk of contracting COVID-19 at FCI Danbury is low.   Defendant argues that she is at risk of contracting COVID-19 because, as of March 29, 2021, there have been 180 reported cases of the virus at FCI Danbury.   (Mot. at 1-2.) As the Government notes, however, FCI Danbury has not had an inmate test positive for COVID-19 since February 1, 2021, and Defendant arrived at the facility on March 3, 2021. (Gov't Opp'n at 4-5.)   Although, as of April 8, 2021, one staff member tested positive, there is no indication that Defendant came in contact with that staff member.   (*Id.* at 5.)   The Court is mindful that inmates' risks of contracting COVID-19 cannot be fully eliminated.   But the Court finds that the low risk that Defendant faces from contracting COVID-19 does not warrant compassionate release.

The Section 3553(a) sentencing factors also counsel against granting Defendant's motion. Section 3553(a) requires the Court to consider (1) "the nature and circumstances of the offense"; and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," and (C) "to protect the public from further crimes of the defendant."   18 U.S.C. §§ 3553(a)(1)-(2).

Defendant argues that, due to her incarceration, her husband was forced to take a leave of absence from his employment to care for their children, which has led to a decline in household income.   (Mot. at 2.)   Defendant further asserts that her incarceration "significantly impacts the family's ability to provide necessities because of a shortage of money."   (*Id.*)   The Court is sympathetic to Defendant's family circumstances and considered them in sentencing Defendant to three months' imprisonment, to be followed by three months of home confinement—a

4

downward variance from the Guidelines range of 12 to 18 months.   (Gov't Opp'n at 1; *see* Sent. Tr. at 11.)

The Court continues to believe that some prison sentence is necessary because of the seriousness of Defendant's crime and the need for general deterrence.   As the Court noted at sentencing, "the offense was very serious . . . not only because the money went to people who did not deserve it but because it disrupted the lives of those who were waiting for [tax] refunds and were probably counting on those refunds to help them get along in life."   (Sent Tr. at 10.) The refunds went to Defendant, who did not need the money to get by; Defendant was not living in a shelter, she was not homeless, and her children had clothing and food.   (*Id.*)

In light of these circumstances, the Court finds that granting Defendant compassionate release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate general deterrence.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 76.

SO ORDERED.

Dated: New York, New York
April 16, 2021

>                     /s/ Kimba M. Wood
>                     KIMBA M. WOOD
>                     United States District Judge